IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
_____

KIM KING  and
DARREN KING
PLAINTIFFS


V.                                                                                    NO: 2:22-CV-2030-JPM-atc

WILLIAM CHASE JR
DEFENDANT

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I.      INTRODUCTION

This civil action arises out of arises out of a rear-end motor vehicle collision between a passenger car driven by Kim King and a passenger car driven by William Chase, Jr. on November 24, 2018. There are no genuine issues of material fact that the Defendant, Chase was negligent.  Thus, Plaintiff is entitled to judgment as a matter of law in her favor on these issues.

II.     FACTS

The facts set forth in the Itemization (Statement) of Undisputed Facts are incorporated herein by reference and will not be repeated herein for the sake of brevity.

III. ANALYSIS

*1.    Sixth Circuit Summary Judgment Standard*

In *Maben v. Thelan*., 887 F.3d 252, 263 (6th Cir. 2018), the Sixth Circuit held a district court must grant summary judgment only if the moving party satisfies its burden to show that there are no genuine issues of material fact[1] and the moving party is entitled to judgment as a matter of law. In *Tolan v. Cotton*, 134 S.Ct. 1861, 1865-68 (2014), the Court held at the summary judgment stage, all evidence is reviewed in the light most favorable to the non-movant and all factual inferences are drawn in favor of the non-moving party. In *Hughes v. Gulf Interstate Field Services*, 878 F.3d 183, 187 (6th Cir. 2017), the Sixth Circuit applied the same standard in reviewing summary judgment evidence. All reasonable inferences are drawn in favor of the non-moving party. *Byrd v. Tenn. Wine & Spirits Retailers Ass'n*, 883 F.3d 608, 617 (6th Cir. 2018) A court misapprehends summary judgment standards when it attempts to credit or weigh testimony or other evidence in favor of the movant. *Tolan*, 1867-68; *Hastings v. Fayette County Schools*, 320 F.Supp. 3d. 966, 974 (W.D. Tenn. 2018). Weighing evidence and credibility determinations are jury functions. *Nance v. Crockett County, Tennessee*, 150 F.Supp. 3d 881, 882 (W.D. Tenn. 2015). A genuine issue of material fact exists if a jury could return a verdict for the non-moving party. *Richmond v. Huq,* 885 F.3d 928, 937 (6th Cir. 2018); *Peffee v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2015). The movant is only entitled to a grant of summary judgment if he, she, or it can show that there are no issues of material fact and he, she or it is entitled to judgment as a matter of law. *Tolan*, 1865-1866.

---

[1] A fact is material where proof of the fact would establish or refute an essential element of the claim or defense. *Kendall v. Hoover*, 751 F.2d 171, 174 (6th Cir. 1984).

2. *Application to Facts at Bar*

Chase admits he failed to pay attention to the traffic in front of him and was negligent. Memphis Ordinance §11-16-31 provides that: Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall: (1) Operate his vehicle at a safe speed. (1) Maintain a proper lookout. (2) Use due care to keep his vehicle under control Applying this ordinance as well as other ordinances, statutory duties and common-law driver duties, Chase was negligent. Chase admitted her was traveling at 55 miles per hour when he first saw King 20 feet away could not stop in time and rear-ended King. Chase was thus negligent as a matter of law.

3. *Sixth Circuit Standard for Speculation*

Evidence is inadmissible when it reaches legal conclusions or is conclusory. See *DeMerrell v. City Cheboygan*, 206 Fed. Appx. 418, 426-27 (6th Cir. 2006). Evidence is also inadmissible when it makes factual determinations which are the province of the jury. *See Champion v. Outlook Nashville,* 380 F.3d 893, 908 (6th Cir. 2004) (expert opinion must be couched in terms of if witness testimony is credited). Personal knowledge means a witness had the ability and the opportunity to perceive the event his is testifying about with his senses. *US v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990). Factual testimony that is outside a witness' personal knowledge is speculation. *Baker Hughes v. Stamp S Chem, LLC* 836 F.3d 554, 569-570 (6th Cir. 2016). Factually conclusory statements are bare statements with no supporting facts. *Reedy v. West*, 988 F.3d 907, 913 (6th Cir. 2021).    Inferences can only be drawn from admissible evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 US 242, 249 (1986).

4. *Application to Facts at Bar*

Chase admits that he did not see the John Doe[2] vehicle before hitting King and has no Idea what the John Doe vehicle was doing prior to hitting King. Chase claims was looking straight in front of him and that he had a clear line of sight with no obstructions. Thus, any testimony about the action of the John Doe vehicle are purely speculation consistent with *Baker Hughes* and inadmissible. Moreover, *Anderson* forecloses the argument that any inference can be from from such speculation. Thus, Chase's affirmative defense of comparative fault of third-party John Doe must fail as a matter of law.

IV. CONCLUSION

The jury trial of this matter should be limited to proximate cause and damages incurred by Kim King and Darren King. Defendants have no evidence to create an issue of material fact regarding Chase's negligence or the viability of his affirmative defense of comparative fault phantom vehicle. Plaintiffs are entitled to judgment as a matter of law on these issues.

Respectfully Submitted,

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**
**(BPR 022601) (YC818753)**
**1255 Lynnfield Road Ste 226**
**Memphis, Tennessee**
P.O. Box 771048
Memphis, Tennessee 38177
Telephone: (901) 322-8706
Fax: (901) 881-0316

---

[2] *Breeding v. Edwards*, 62 S.W.3d 170 (Tenn. Ct. App. 2001) removes uninsured motorist cases from the general John Doe rule established by *Brown v. Wal-Mart Discount Cities, Inc.*, 12 S.W.3d 785 (Tenn. 2000).

4

e-mail: attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Chris Frulla
Rainey Kizer
50 North Front Street
Memphis, TN 38103

This the 21st day of March 2022.

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY**