# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KIM KING and DARREN KING, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:22-cv-02030-JPM-atc ) ) |
| WILLIAM BARTLETT CHASE, JR., | ) ) |
| Defendant. | ) ) ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant William Bartlett Chase, Jr.'s ("Chase") Motion for Summary Judgment, filed on March 3, 2022. (ECF No. 13.)[1] On April 5, 2022, Plaintiffs Kim King and Darren King ("Mrs. King" and "Mr. King," respectively, or "the Kings," collectively)[2] filed a Response to Chase's Motion for Summary Judgment. (ECF No. 20.) Defendant replied on April 8, 2022. (ECF No. 21.) For the reasons discussed below, Defendant's Motion for Summary Judgment is hereby GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

   *A. Factual Background*

This negligence and negligence per se action arises out of an automobile accident that occurred in Memphis, Tennessee on November 24, 2018, in which Defendant allegedly negligently rear-ended Plaintiffs' vehicle. (Compl., ECF No. 1-2 ¶¶ 4–5.) Mrs. King alleges that

---

[1] All ECF citations are to the docket in the instant case unless otherwise noted.
[2] When the Court refers to a singular "Plaintiff," it refers to Mrs. King.

she sustained "bodily injuries and damage[s]" as a result of the collision. (Id. ¶ 5, 8, 13.) In her deposition, Plaintiff affirmed that her only bodily injuries from the accident were to her lower back (stiffness from prolonged sitting), right leg (nerve pain), neck, both shoulders (soreness), and headaches. (ECF No. 13-2 at PageID 307–09.) She stated that she could not recall having any bruises and denied having any abrasions or scarring from the accident. (Id. at PageID 309–10.) Plaintiff seeks compensation for her alleged bodily injuries, lost wages, future earning capacity, and enjoyment of life, as well as medical bills in the amount of $20,814.00. (Compl., ECF No. 1-2 ¶ 13.)

B. *Procedural Background*

Plaintiff Kim King initially filed the first iteration of this action in this Court on October 1, 2019. (Case No. 2:19-cv-02658-JPM-atc, ECF No. 2.) On August 19, 2020, the Court entered an Order Conditionally Granting Motion for Voluntary Nonsuit Without Prejudice, Order Imposing Restrictions on Subsequent Refiling, Order Setting Deadline for Plaintiff's Filing of Objections. (Case No. 2:19-cv-02658-JPM-atc, ECF No. 42.) The Order conditioned subsequent refiling of the case on a number of requirements: "[T]he litigation must resume as if the case had continued under the current schedule"; all elapsed deadlines must be honored; and the "Parties shall use discovery in this case in any future litigation." (Id. at PageID 153.) The Court gave Plaintiff 40 days to file any objections to the conditions or withdraw her Motion before the dismissal without prejudice and the associated conditions would take effect. (Id.) Plaintiff did not file objections to the conditions, and on October 16, 2020, the Court entered a Judgment dismissing the action without prejudice and subject to the conditions above. (ECF No. 43.) When the Order was entered, "all of the discovery deadlines in the case had passed, including the deadlines for expert disclosures and expert depositions," and "Plaintiff did not

disclose any experts in the previously filed case." (Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment ("Def.'s SUMF"), ECF No. 13-2 ¶ 12.) (internal citations omitted.)

Plaintiffs filed the present case in state court on September 10, 2021 (ECF No. 1-2), and Defendant removed the action to this Court on January 21, 2022 (ECF No. 1). On February 22, 2022, the Court entered a Scheduling Order, which confirms that all discovery deadlines, including expert witness disclosures and depositions, had expired and would not be reopened. (ECF No. 10 at PageID 285–86.)

Defendant filed the instant Motion for Summary Judgment and an accompanying Memorandum of Facts and Law in Support on March 3, 2022. (ECF Nos. 13, 13-1.) Defendant also filed a Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment. (ECF No. 13-2.) On April 5, 2022, Plaintiffs filed a Response to Chase's Motion for Summary Judgment and a supporting memorandum.³ (ECF Nos. 20, 20-2.) Plaintiffs also filed a Response to Chase's Statement of Material Facts, with a section of Additional Material Facts. (ECF No. 20-1.) Defendant filed a Reply on April 8, 2022. (ECF No. 21.) Defendant also filed a Response to Plaintiff's Statement of Additional Material Facts. (ECF No. 21-1.)

On March 21, 2022, Plaintiffs filed a Motion for Partial Summary Judgment on the issue of Defendant's negligence. (ECF No. 14.) That Motion will be addressed by separate order.

## II. LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

³ The latter document is titled Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment. (ECF No. 20-2.) This appears to be a typographical error, as the filing is, in substance, a memorandum in support of Plaintiff's response to Defendant's Motion; the ECF entry is likewise titled on the docket as Memorandum in Support of Response to Motion for Summary Judgment.

R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility

4

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 Fed. Appx. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251-52). Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247-254; Street v. J.C. Bradford &

5

Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

### III. ANALYSIS

#### A. Injury and Causation

To succeed on a negligence claim under Tennessee law, a plaintiff must prove five essential elements: (1) the defendant owed the plaintiff a duty of care; (2) defendant's conduct fell below the applicable standard of care; (3) plaintiff sustained an injury or loss; (4) defendant's conduct was the cause in fact of the injury or loss; and (5) defendant's conduct was the proximate, or legal, cause of the injury or loss. Lee v. Hamilton Cnty., No. E2018-01531-COA-R3-CV, 2019 WL 2714377, *8 (Tenn. Ct. App. June 28, 2019) (quoting Giggers v. Memphis Hous. Auth., 277 S.W.3d 359, 364 (Tenn. 2009) (further internal citation omitted)).

Defendant asserts that he is entitled to Summary Judgment because "Plaintiff cannot satisfy the injury and causation elements of her negligence claim." (ECF No. 13-1 at PageID 299.) Specifically, Defendant contends that Plaintiff did not disclose any experts, who are required for proving these elements, nor do her alleged injuries fall under the "simple"-injuries exception to that requirement. (Id. at PageID 298–300.)

"[M]edical causation and permanency of an injury must be established in most cases by expert medical testimony." Malone v. ASF Intermodal LLC, No. W2020-00430-COA-R3-CV, 2022 WL 353697, *6 (Tenn. Ct. App. Feb. 7, 2022) (quoting Thomas v. Aetna Life & Cas. Co.,

6

812 S.W.2d 278, 283 (Tenn. 1991) (citations omitted)). "In some instances, [however,] causation can be established by lay testimony when a 'simple' injury such as a cut or abrasion is involved. Id. (citing Varner v. Perryman, 969 S.W.2d 410, 412 (Tenn. Ct. App. 1997) (citation omitted)). "Lay testimony is competent to establish such simple but important matters as existence of pain, its location, [and] inability to work, etc. but it may not be received and relied upon to prove matters requiring scientific knowledge." Pellicano v. Metro. Gov't of Nashville & Davidson Cnty., No. M2003-00292-COA-R3-CV, 2004 WL 343951, *9 (Tenn. Ct. App. Feb. 23, 2004) (quoting Am. Enka Corp. v. Sutton, 216 Tenn. 228, 239 (1965)). "Causation should be established by medical experts in all but simple and routine cases-and even then expert testimony is highly desirable." Id. (citing Sutton, 219 Tenn. at 237–38 (internal citation omitted)). Compare Varner, 969 S.W.2d at 412 (holding that plaintiff could testify that his abdominal muscles were bruised as a result of the accident, despite no visible bruising) with Pellicano, 2004 WL 343951, at *10 (holding that lay testimony was not competent to establish that the incident was the cause in fact of the plaintiff's need for surgery) ("While [Pellicano's and his brother's] lay testimony is competent to establish that Pellicano incurred pain following the incident and that he had pain and numbness in his arms weeks later, their lay testimony is insufficient to establish a cause in fact relationship between the incident and the need for a diskectomy."). See also Sutton, 216 Tenn. at 234–36, 239 (holding incompetent Plaintiff's lay testimony that workplace accident of splashing acid in his eye caused his impaired eyesight) ("It must be remembered that we are dealing with delicate mechanisms of the eye, including the optic nerve[,] and to make an award in this case based upon conclusions unsupported by scientific knowledge is not sufficient to meet the required that there shall be *material* evidence to support the award.")

(noting that lay testimony may be believed over contradictory expert testimony "as to the *extent* of injuries, but [not as] to causal connection between an accident and the resultant injury").

Mrs. King alleges the following material facts that are based on her own deposition and that Defendant disputes: When she "was hit from behind[,] her body went forward and she sustained injuries"; she "sustained pain in her neck, upper and lower back, shoulders, and legs"; the "pain in [her] back and legs lasted 6-8 weeks"; the "pain in her neck lasted 5-6 weeks"; she "also sustained soreness in her shoulders"; she "sustained a loss of sexual relationship with her husband . . . for 3-4 [m]onths"; she "was unable to drive for [1½ weeks] to 3 weeks after the accident"; and she "sustained a loss of enjoyment of life because she was unable to cook, clean, wash, tie her own shoes, or have a bowel movement without her husband's assistance." (ECF No. 20-1 ¶¶ 19, 21–26, 29.) (citations omitted.)  She also alleges, citing her husband's deposition, that she "never had any back problems prior to the accident" and that Mr. King "saw a bruise on [her] shoulder as a result of the collision with Chase."  (Id. ¶ 27–28.) (citations omitted.)  She additionally contends that she "sustained lost wages of approximately $4,700.00." (Id. ¶ 30.) (citation omitted.)

Plaintiffs contend that, based on Pellicano, Sutton, and Varner, Mrs. King's "lay testimony is sufficient to establish . . . causation for pain to her neck, upper and lower back, shoulders, and legs, [and] soreness in her shoulders."  (ECF No. 20-2 at PageID 356–57.)  Plaintiffs also contend that "the jury does not require expert testimony to understand" Mrs. King's alleged "loss of sexual relations, loss of enjoyment of life such as the inability to tie shoes, inability to cook, clean, wash, or tie her shoes, or to have a bowel movement without her husband's assistance" and "inability to drive for [1½ weeks] to 3 weeks after the accident" because these concepts "concern everyday life."  (Id.) (citing Harris v. J.B. Robinson Jewelers,

8

627 F.3d 235, 240 (6th Cir. 2010); McGowan v. Cooper Indus., Inc., 863 F.2d 1266, 1273 (6th Cir. 1988).) Plaintiffs further assert that "Mr. King's lay testimony is sufficient to establish that Kim King never had any back problems prior to the accident with Chase" and "to establish [the] bruise [that he testified to seeing on Mrs. King's shoulder] as damages." (Id. at PageID 357.) They assert that Mrs. King's "testimony is sufficient to establish that she lost wages of approximately $4,700.00." (Id.) (citing Borne v. Celadon Trucking Servs., 532 S.W.3d 274, n.15 (Tenn. 2017).) Therefore, Plaintiffs contend, "genuine issues of fact are present as to damages[,] and Chase is not entitled to judgment as a matter of law." (Id.)

Defendant replies that "it is undisputed that while Plaintiff testified that she sustained injuries to her lower back, right leg, neck, and both shoulders and had some headaches, she admitted that she did not have any abrasions, bruises or scarring as a result of the accident." (ECF No. 21 at PageID 360) (citing ECF No. 9-2 at PageID 165–66, 202–03.) Therefore, Defendant asserts, Mrs. King "had no 'simple injuries' as a result of this automobile accident. Instead, all of her alleged injuries are obscure and subjective and require expert proof." (Id.) Defendant contends that "all of Plaintiff's testimony about her pain, its location, and its duration is subjective and does not represent obvious, visible injuries." (Id. at PageID 364.) Defendant further contends that Plaintiffs are "attempt[ing] to muddy the waters" by submitting "Additional Material Facts" that are in fact "either immaterial to Defendant's Motion or unsupported lay opinions regarding injuries and causation that are lacking the required expert support." (Id. at PageID 360.) Defendant contends that all of these "facts" are disputed because Plaintiff's "lay testimony is insufficient to establish an injury and insufficient to establish that any injury she allegedly sustained was caused by the subject accident." (ECF No. 21-1 ¶¶ 19–26, 29.) (citing Thomas, 812, S.W.2d at 283; Borner v. Autry, 284 S.W.3d 216, 218 (Tenn. 2009); Miller v.

9

Choo Choo Partners, L.P., 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001).) (further internal citations omitted.) Defendant therefore contends that, despite these disputed "unsupported opinions, there are actually no disputed material facts to the Motion." (ECF No. 21 at PageID 360.) In particular, Defendant asserts that Mr. King's statement that he "saw a bruise on Kim King's shoulder as a result of the collision" contradicts the undisputed fact that Mrs. King did not have a bruise as a result of the accident and is also inadmissible both because it is speculative and because "a lay person cannot testify as to the causation of bruising on another person's body." (Id. at PageID 364.) (citing Harris, 627 F.3d at 240.) Defendant additionally contends that the "fact" that Ms. King "never had any back problems prior to the accident with Chase" is disputed because it "relies on testimony of Darren King," who is not a medical expert, and because his testimony that his wife "to his knowledge . . . never complained of any back pain . . . does not establish the fact asserted." (ECF No. 21-1 ¶ 27.) (citation omitted.)

Defendant further contends that "Plaintiffs misrepresent and misconstrue the applicable case law." (Id. at PageID 361.) He contends that, "contrary to Plaintiffs' assertion, *Pellicano* does not stand for the proposition that simple injuries include the location and existence of pain and inability to work." (Id. at PageID 362.) "Instead," Defendant asserts, "*Pellicano* simply notes that after injury and causation are established by expert proof, lay testimony can be used to establish the extent of such injury (i.e. the location of pain and amount of pain)." (Id.) Defendant contends that "[t]o interpret *Pellicano* otherwise would allow Plaintiff to tell a jury that she was injured for months and had severe life limitations without an expert ever establishing an injury or causation. That simply is not the law in Tennessee." (Id.) Defendant asserts that Sutton likewise "only stands for the proposition that after injury and causation are

10

established by expert proof, lay testimony can be used to establish the extent of such injury." (Id. at PageID 363.) (citing Sutton, 391 S.W.2d at 647.)

While Defendant correctly points out the requirement for expert testimony, the Court cannot fully agree with Defendant's interpretation of the applicable case law. First, while Defendant contends that Plaintiff's testimony does not concern "simple" injuries because that category of harms "only include[s] very obvious, visual injuries" (ECF No. 21 at PageID 364) (citations omitted), the case law suggests that the "simple" injuries category may be broader than Defendant asserts. "Notably, [in Varner,] the court commented that plaintiff's injury was 'arguably more complex than mere cuts and abrasions,' as the [abdominal] bruises were not visible on the surface of his skin," yet the Varner court permitted the plaintiff's lay testimony that the "muscles were bruised in an automobile accident [as] sufficient evidence of causation." Nelson v. Sims, No. 1:19-cv-01047, 2020 WL 2616512, at *3 (W.D. Tenn. May 22, 2020) (quoting Varner, 969 S.W.2d at 412). (Although the Varner court's decision was based at least in part on the fact that there was no objection to the plaintiff's testimony that his stomach muscles were bruised in the incident, later decisions, such as Pellicano, cite the injury in Varner as "an example of a 'simple' injury that would allow testimony by a layperson as to causation.") Pellicano, 2004 WL 343951, at *9. Second, contrary to Defendant's interpretation, the cases stand for the proposition that, when expert proof is presented and such proof is "equivocal," "[c]ausation may be established by a combination of medical and lay testimony." Id. at *7 (quoting Taylor v. Dyer, 88 S.W.3d 924, 926 (Tenn. Ct. App. 2022)). See also Thomas, 812 S.W.2d at 283 ("While causation and permanency of an injury must be proved by expert medical testimony [in most cases], such testimony must be considered in conjunction with the lay testimony of the [plaintiff] as to how the injury occurred and the [plaintiff's] subsequent

11

condition."). Where no expert testimony is presented at all, however, the question for the Court is whether the injury at issue is so "simple" as to make lay testimony alone competent to prove causation. See Pellicano, 2004 WL 343951, at *9 ("An example of a 'simple' injury that would allow testimony by a layperson [to be sufficient] as to causation is found in *Varner v. Perryman*."); Nelson, 2020 WL 2616512, at *3.

Defendant additionally asserts that Harris and McGowan "are inapplicable and do not overturn the longstanding Tennessee precedent regarding the requirement for expert proof to establish injuries and causation." (Id.) Defendant contends that Harris "is completely contrary to the Plaintiffs' position." (Id.) (citing Harris, 627 F.3d at 240.)

The Court finds that Harris is largely irrelevant—as it is neither a Tennessee case nor a personal-injury negligence action—but does not undermine Plaintiff's argument. In Harris, the Court noted that "lay testimony results from a process of reasoning familiar in everyday life, whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." 627 F.3d at 240 (quoting United States v. White, 492 F.3d 380, 401 (6th Cir. 2007) (internal quotation marks and citation omitted)). "Thus," the Court explained, "a lay witness may testify, for example, that 'a footprint in snow looked like someone had slipped, or that a substance appeared to be blood[,]' but cannot testify that 'skull trauma caused the bruises on a victim's face.'" Id. (quoting White, 492 F.3d at 401 (internal quotation marks and citation omitted)) (alteration in original). The Court therefore permitted the plaintiff to present lay testimony as to the color of a diamond but noted, importantly, that this testimony "was not offered to prove damages or the *quality* of her original diamond, nor to prove that the stone was truly 'pink,' as the term is used in the diamond industry. Instead, the evidence was submitted in support of Plaintiff's allegation that the diamond she left with Robinson was not returned." Id.

12

Based on the foregoing, Plaintiff's lay testimony may be sufficient to establish some of her injuries and that they were caused by the accident with Defendant. In particular, Plaintiff may testify that she sustained soreness or pain immediately following, and temporally related to, the accident, including to her neck, lower back, shoulder, and legs.[4] To be clear, the Court does not view back or neck injuries or "nerve pain" as "simple" injuries, and Plaintiff may not opine on any medical diagnosis as to her discomfort. Soreness and pain immediately following the accident and persisting for a limited period of time, however, are far more analogous to the bruised abdominal muscles in Varner than they are to the eye condition or need for surgery in Sutton or Pellicano itself. Plaintiff may also testify regarding her inability to drive and limited capacity for self-grooming and other household tasks as a result of the accident, within a limited timeframe. Plaintiff's testimony regarding her symptoms and their effects on her daily life close in time to the accident is sufficiently observational. Plaintiff will be subject to cross-examination, and the jury will decide her credibility on these issues. Because Plaintiff's testimony is competent to establish pain and discomfort temporally associated with the accident and the immediate impact of that pain and discomfort on her daily life, material issues of fact persist for the trier of fact in this case. Defendant's Motion for Summary Judgment is thus DENIED as to Plaintiff's ability to prove injury and causation.

B. *Medical Bills and Expenses*

Defendant further contends that "[w]ithout expert proof Plaintiff cannot establish that her . . . medical bills and treatment were reasonable and necessary," meaning that "Defendant is entitled to judgment as a matter of law." (ECF No. 13-1 at PageID 297; see also ECF No. 21 at PageID 360.) Plaintiff simply suggests that lay testimony is sufficient to establish her damages because they are "simple" injuries and that issues of material fact thus remain as to damages.

---

[4] This contemplates that Plaintiff experienced pain for a limited duration and then no longer experienced pain.

(ECF No. 20-2 at PageID 356–57.)  She does not mention the "reasonable and necessary" standard or argue specifically that lay testimony as to her medical bills is sufficient in this case. In her Complaint, Plaintiff itemizes her medical expenses by provider and cost (see ECF No. 1-2 ¶ 13.a.(i)), but nowhere does she mention any details as to the particular services she received.

"An injured plaintiff bears the burden of proving that medical expenses the plaintiff is seeking to recover are reasonable and necessary."  Borner, 284 S.W.3d 216, 218 (Tenn. 2009) (citing 22 Am. Jur. 2d Damages § 166 (2003 & WestLaw 2008)) (further internal citation omitted).  "In all but the most obvious and routine cases, plaintiffs must present competent expert testimony to meet this burden of proof."  Id. (internal citation omitted).

As Plaintiff has not included detailed information as to her medical expenses, the Court cannot say that this is among the "most obvious and routine cases," and Plaintiff would require expert testimony to prove the reasonableness and necessity of her medical bills.  Because she has not provided the identity of any persons who could provide such testimony at this stage in the litigation, Plaintiff is precluded from recovering damages for her medical bills and treatment. Defendant's Motion for Summary Judgment is GRANTED as to medical bills and expenses.

C. Lost Wages

As to lost wages, Defendant contends that he is entitled to summary judgment because "expert proof is required to link an injury to a lost wage claim," and Plaintiff has put forward no such expert.  (ECF No. 13-1 at PageID 298–99) (citing Brown v. Echols, 585 S.W.3d 424 (Tenn. Ct. App. 2019).)  Plaintiff asserts as an "Additional Material Fact" that she "sustained lost wages of approximately $4,700.00," citing to her own deposition.  (ECF No. 20-1 ¶ 30.) (citing ECF No. 9-2 at PageID 204–11.)  She contends that her own "testimony is sufficient to establish that she lost wages of approximately $4,700.00."  (ECF No. 20-2 at PageID 357.)  Defendant replies

that, per Brown, Plaintiff requires expert proof to prove injury and causation and thus to recover lost wages as damages, which she therefore cannot do.  (ECF No. 21 at PageID 364–65.) (citation omitted.)

Brown concerned the plaintiff's lost earning capacity and did not specifically mention lost wages.  See Brown, 585 S.W.3d at 428–30.  "[W]hen damages are sought for loss of earning capacity, further expert proof is sometimes needed to specifically link the injury sustained to the impairment of the injured party's capacity to earn a living."  Brown v. Echols, 585 S.W.3d 424, 429 (Tenn. Ct. App. 2019).  In particular:

> [W]here the physical impairment can be objectively ascertained, and where its connection to impairment of earning capacity is obvious or ascertainable from other evidence, then separate medical testimony is not required to establish the elements of proximate cause between impairment and earning capacity....
>
> Where, however, the physical impairment is obscure or subjective, or where the connection between the physical impairment and earning capacity is not obvious, then expert medical testimony may be essential. In such cases, there must be competent medical testimony that the physical condition suffered by the plaintiff, and which was proximately caused by the occurrence in suit, is a substantial factor in impairing the party's ability to earn.

Brown, 585 S.W.3d at 429–30 (quoting Oglesby v. Riggins, No. W2010-01470-COA-R3-CV, 2011 WL 915583, at *6 (Tenn. Ct. App. Mar. 17, 2011) (further internal citation omitted)) (alteration in original).  Neither Party discusses Plaintiff's lost-earning-capacity claim on Motion, and Plaintiff admitted in her deposition that the accident did not impair her future earning capacity.  (ECF No. 9-2 at PageID 210.)

With respect to Plaintiff's lost-wage claim, the Court finds Brown to be inapplicable. Plaintiff has submitted her pay records as part of discovery, and in her deposition, she testified to how much work she missed following the accident, how much of that time was paid sick leave and vacation time, and what her pay rate was at the time.  (ECF No. 9-2 at PageID 204–11.)

Having concluded that Plaintiff's lay testimony may be competent to establish injury and causation, the Court has not found (and the Parties have not cited) any binding case law that would make Plaintiff's testimony insufficient to prove her lost wages as a result of the accident. Plaintiff has demonstrated that issues of fact remain as to her lost-wage claim, and Defendant's Motion is therefore DENIED as to lost wages.

### D. Loss of Consortium Claim

Finally, Defendant argues on Reply that Mr. King's loss of consortium claim "is a derivative claim, and recovery is dependent on the spouse's recovery." (ECF No. 21 at PageID 365.) (citing Yebuah v. Ctr. for Urological Treatment, PLC, 624 S.W.3d 481, 488 (Tenn. 2021).) As Mrs. King's claim survives Defendant's Motion, so too does the derivative loss-of-consortium claim. See Yebuah, 624 S.W.3d at 488. Defendant's Motion is DENIED with respect to Plaintiffs' loss-of-consortium claim.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**, this 28th day of June, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE