**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KIM KING and DARREN KING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:22-cv-02030-JPM-atc |
| v. | ) | |
| | ) | |
| WILLIAM BARTLETT CHASE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiffs Kim King and Darren King's ("Mrs. King" and "Mr. King," respectively, or "the Kings," collectively)[1] Motion for Partial Summary Judgment, filed on March 21, 2022.  (ECF No. 14.)  Defendant William Bartlett Chase, Jr. ("Mr. Chase") filed a Response in Opposition to Plaintiff[s'] Motion for Partial Summary Judgment on March 25, 2022.  (ECF No. 15.)  Plaintiffs replied on March 30, 2022.  (ECF No. 17.)  For the reasons discussed below, Plaintiffs' Motion for Partial Summary Judgment is hereby DENIED.

## I.       BACKGROUND

### A.  Factual Background

This negligence and negligence per se action arises out of an automobile accident that occurred in Memphis, Tennessee on November 24, 2018, in which Defendant allegedly negligently rear-ended Plaintiffs' vehicle.  (Compl., ECF No. 1-2 ¶¶ 4–5.)  When the accident occurred, Mr. Chase was returning to Arkansas from Santa Rosa Beach, Florida, and was

---

[1] When the Court refers to a singular "Plaintiff," it refers to Mrs. King.

traveling toward Arkansas on I-240.  (ECF No. 14-1 ¶¶ 1, 4.) (internal citations omitted.)  Prior

to the accident, Mr. Chase was traveling 55 miles per hour, which was the speed limit.  (Id. ¶ 5;

ECF No. 16 at PageID 331 ¶ 4.) (internal citations omitted.)  He was looking directly in front of

him and watching the road, with a clear line of sight and no obstructions.  (ECF No. 14-1 ¶ 9;

ECF No. 16 at PageID 331 ¶ 8.) (internal citations omitted.)  Defendant was two car lengths

behind Plaintiff prior to the accident, including when she first put on her brakes.  (ECF No. 14-1

¶ 5; ECF No. 16 at PageID 329 ¶ 5, 331 ¶ 10.) (internal citations omitted.)  Despite putting on his

brakes when he saw Plaintiffs' brake lights, Defendant was unable to stop in time and hit[2] the

rear of Plaintiffs' vehicle.  (ECF No. 14-1 ¶ 6; ECF No. 16 at PageID 331 ¶ 5.) (internal citations

omitted.)

       After hitting Plaintiffs' vehicle, Defendant "saw a car [(the "John Doe vehicle")] pull out

from in front of the Plaintiff to get onto the exit ramp."  (ECF No. 16 at PageID 331 ¶ 6.)

(internal citation omitted.)  Mr. Chase did not see the John Doe vehicle prior to hitting Plaintiffs

and admitted that he "had no idea what the John Doe vehicle was doing before striking King" or

who the John Doe driver is.  (ECF No. 14-1 ¶¶ 7, 8.) (internal citations omitted.)  Additional

facts are discussed throughout this Order.

### B.  Procedural Background

       Plaintiffs filed the present case in state court on September 10, 2021 (ECF No. 1-2), and

Defendant removed the action to this Court on January 21, 2022 (ECF No. 1).  Plaintiffs filed the

instant Motion for Partial Summary Judgment and an accompanying Memorandum in Support on

---

[2] Plaintiff asserts that it is an undisputed fact that Defendant admitted that he "slammed into King" (ECF No. 14-1 ¶ 6), while Defendant states that it is undisputed that Defendant "made contact with the rear of Plaintiff's vehicle." (ECF No. 16 ¶ 6.)  In Plaintiff's cited portion of the record, however, Defendant testified that he "ended up slamming into [Plaintiff]."  (ECF No. 9-1 at PageID 69.)  Defendant has not pointed to a portion of the record that characterizes the collision otherwise and has also not objected to Plaintiffs' use of the word "hit" elsewhere in Plaintiffs' SUMF.  (See ECF No. 16 at PageID 330 ¶ 7.)

March 21, 2022.  (ECF Nos. 14, 14-2.)  Plaintiffs also filed a Statement of Material Undisputed Facts in Support of Plaintiff[s'] Motion for Partial Summary Judgment.  (ECF No. 14-1.)  On March 25, 2022, Defendant filed a Response in Opposition to the Motion, as well as a Response to Plaintiff[s'] Statement of Material Undisputed Facts.  (ECF Nos. 15, 16.)  Plaintiffs filed a Reply on March 30, 2022.  (ECF No. 17.)  Plaintiffs also filed a Response to Chase's Additional Material Facts.  (ECF No. 17-1.)

On June 28, 2022, the Court granted in part and denied in part Defendant's Motion for Summary Judgment, which argued that Plaintiffs could not prove the injury or causation elements of their claim without an expert witness (see generally ECF No. 13).  (ECF No. 36.)

## II.    LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."  Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party."  Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact."  Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact."  Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at

587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 Fed. Appx. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a

matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52).  Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)).  "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247–254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)).  "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)).  Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

## III.    ANALYSIS

Plaintiffs have failed to meet their Summary Judgment burden as to either Defendant's negligence or Defendant's comparative-fault defense.  Accordingly, Plaintiffs' Motion for Partial Summary Judgment is DENIED as to both issues.  Each issue is discussed in turn below.

### A.  Negligence

To succeed on a negligence claim under Tennessee law, a plaintiff must prove five essential elements: (1) the defendant owed the plaintiff a duty of care; (2) defendant's conduct fell below the applicable standard of care; (3) plaintiff sustained an injury or loss; (4) defendant's conduct was the cause in fact of the injury or loss; and (5) defendant's conduct was the proximate, or legal, cause of the injury or loss.  Harrill v. PI Tenn., LLC, No. M2021-00424-COA-R3-CV, 2022 WL 1222318, at *3 (Tenn. Ct. App. April 26, 2022) (citing Biscan v. Brown, 160 S.W.3d 462, 478 (Tenn. 2005)).  In Tennessee, "negligence is not presumed from the mere fact of an accident or injury."  Maple v. J.C. Penney Corp., Inc., No. 08-2579, 2010 WL 11598141, at *2 (W.D. Tenn. Feb. 5, 2010) (citing Armes by Armes v. Hulett, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992)).

Plaintiffs contends that "[t]here are no genuine issues of material fact that the Defendant, Chase[,] was negligent" and that Plaintiffs are thus entitled to summary judgment on that issue. (ECF No. 14-2 at PageID 315.)  Plaintiffs contend that Defendant was negligent under Memphis Ordinance § 11-16-3,[3] "other ordinances, statutory duties and common-law driver duties."  (Id. at PageID 317.)  They assert that Mr. Chase "admits he failed to pay attention to the traffic in front of him and was negligent."  (Id.)  They also assert that "Chase admitted he[] was traveling at 55 miles per hour when he first saw King 20 feet away[,] could not stop in time and rear-ended King"; Plaintiffs claim that these asserted facts make Mr. Chase "negligent as a matter of law." (Id.)

Defendant responds that Plaintiffs' Motion should be denied, as the Parties' "contrary deposition testimony" creates a dispute of material facts as to "the very basic facts of this

---

[3] Plaintiffs write "Memphis Ordinance §11-16-31" in their Motion.  (ECF No. 14-2 at PageID 317.)  This appears to be a typographical error, as the referenced section is 11-16-3.  See Memphis, Tennessee – Code of Ordinances § 11-16-3.  Duty to drive at safe speed, maintain lookout and keep vehicle under control, available at https://library.municode.com/tn/memphis/codes/code_of_ordinances?nodeId=TIT11VETR_CH11-16RURO_S11-16-3DUDRSASPMALOKEVEUNCO (accessed June 14, 2022).

accident." (ECF No. 15 at PageID 322.)  In particular, Defendant asserts that "Plaintiff has presented a scenario where she was stopped in traffic in the middle lane for up to two minutes and was then suddenly rear-ended by the Defendant," whereas "Defendant has presented a completely different scenario where both he and the Plaintiff were traveling forward, and he then rear-ended her after she had to suddenly stop in the right lane."  (Id. at PageID 322–23.) (citing ECF No. 9-2 at PageID 139–42; ECF No. 9-1 at PageID 69, 81–82.)

Defendant further contends that "there has been no competent evidence presented that [Defendant] breached any duty owed to the Plaintiff."  (ECF No. 15 at PageID 324.) Specifically, he contends, "[t]here has been no competent evidence presented that he was speeding," "that he was distracted or following too closely," or "that he was not watching the road or keeping his vehicle under control." (Id. at PageID 323–24.)  Rather, Defendant asserts, it is undisputed that 1) he was traveling the speed limits; 2) he was not on his cell phone; 3) he was looking directly in front of him and watching the road; 4) he got a full night of sleep and did not consume any alcohol or drugs the night before the accident; and 5) he was traveling two car lengths behind the Plaintiff before she hit her brakes." (Id. at PageID 323.) (citing ECF No. 9-1 at PageID 64–66, 70, 77–79, 81–82.)  Defendant challenges Plaintiffs' assertion that Defendant "admits he failed to pay attention to the traffic ahead of him and [was] negligent." (Id. at PageID 324.) (citing ECF No. 14-2 at PageID 317.)  He contends that this statement "lacks any citation to the record, assumingly because no such statement was ever made by the Defendant, and the statement does not exist within the record." (Id.)  Defendant further challenges as unsupported by the record Plaintiffs' statement that "Chase admitted he[] was traveling at 55 miles per hour when he first saw King"; Defendant asserts that, instead, "Defendant testified that he was approximately two car lengths behind the Plaintiff, when he first saw her put on her brakes."

(Id.) (citing ECF No. 9-1 at PageID 81–82.)  In sum, Defendant argues, Plaintiffs have put forth no proof of Defendant's negligence but have merely asserted legal conclusions that are unsupported by the record.  (Id.)

In reply, Plaintiffs simply repeat that "[t]here are no genuine issues of material fact that . . . Chase was negligent" and assert that "Chase admitted that he could not stop in time and rear-ended King."  (ECF No. 17 at PageID 335–36.)  Plaintiffs also acknowledge as undisputed Defendant's proffered facts regarding his sobriety, full night of sleep, maintenance of the speed limit, braking when he saw Plaintiff brake, etc., but Plaintiffs contend that these facts are immaterial.  (See generally ECF No. 17-1.)

Based on the record in this case, the Court finds that basic material facts regarding the accident itself are in dispute.  As Defendant contends, each Party's deposition testimony paints a distinct picture of how long Plaintiff was stopped before Defendant hit her vehicle and how the accident occurred.  (See ECF No. 9-1 at PageID 69, 81–82; ECF No. 9-2 at PageID 139–42.) These facts go directly to the issue of Chase's alleged negligence and are for the jury to determine.

Further, disputes of fact remain as to whether Defendant breached any ordinance or statute or otherwise deviated from the appropriate standard of care to which he may have owed Plaintiff as a fellow driver.  Memphis Ordinance § 11-16-3 provides:

> Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
>     A.  Operate his or her vehicle at a safe speed;
>     B.  Maintain a safe lookout;
>     C.  Use due care to keep his or her vehicle under control.

Memphis, Tennessee – Code of Ordinances § 11-16-3.  Plaintiffs have not shown as a matter of law that Defendant failed to operate his vehicle at a safe speed or to use due care to control his

vehicle.  They have also not put forward any evidence that Mr. Chase failed to maintain a safe lookout, and as discussed below, the undisputed facts and Defendant's deposition testimony do not suggest as much.  Plaintiffs do not specify the "other ordinances, statutory duties and common-law driver duties" from which Mr. Chase is purported to have derogated.  (ECF No. 14-2 at PageID 317.)

The cited portions of the record, when read in the light most favorable to Defendant, do not show that Mr. Chase "admit[ted] he failed to pay attention to the traffic ahead of him and [was] negligent."  (ECF No. 14-2 at PageID 317.)  Plaintiffs provide no citation to the record for this contention (see id.), and the deposition testimony does not support it.  Instead, it is an undisputed fact that "Chase testified that he was looking directly in front of him [before he saw Mrs. King], with a clear line of sight and no obstructions."  (ECF No. 16 at PageID 330 ¶ 9.) (See ECF No. 9-1 at PageID 78–79.)  It is also undisputed that "[p]rior to the accident, Defendant was looking directly in front of him and watching the road."  (ECF No. 16 at PageID 330 ¶ 8.) (citing ECF No. 9-1 at PageID 77–79.) (See also ECF No. 17-1 ¶ 8.)  Defendant stated in his deposition that he "had been just watching the road, looking for cars, making sure there [was] nothing coming my way and making sure everyone was driving safe, and then just looking straight like I should be."  (ECF No. 9-1 at PageID 78–79.)  Moreover, while it is undisputed that Defendant tried, but was unable, to stop in time and made contact in some fashion with the rear of Plaintiff's vehicle (ECF No. 16 at PageID 330 ¶ 6) (see also ECF No. 9-1 at PageID 69), Tennessee law does "not presume[] [negligence] from the mere fact of an accident or injury." Maple, 2010 WL 11598141, at *2 (citing Armes, 843 S.W.2d at 432).  Additionally, while a particular speed is not necessarily safe, or non-negligent, under the circumstances simply because it is within the speed limit (see, e.g., Memphis Ordinance § 11-16-3), Plaintiffs have not

put forward any evidence that Defendant's following distance of two car lengths at a speed of 55 miles per hour[4] constitutes negligence as a matter of law.

Accordingly, Plaintiffs' Motion for Partial Summary Judgment is DENIED with respect to the issue of Defendant's negligence.

*B.  Comparative-Fault Defense*

Plaintiffs additionally contend that "Chase's affirmative defense of comparative fault of third-party John Doe must fail as a matter of law."  (ECF No. 14-2 at PageID 318.)   As a preliminary matter, the Parties agree, and the law dictates, that Defendant is permitted to allege the comparative fault of an unknown third-party motorist.  (See id. at PageID 318 n.2; ECF No. 15 at PageID 325.) (both citing Breeding v. Edwards, 62 S.W.3d 170 (Tenn. Ct. App. 2001).) (See also Breeding, 62 S.W.3d at 174–76, 178.)  Plaintiffs take issue with Mr. Chase's defense on other grounds.  Plaintiffs assert that "Chase admits that he did not see the John Doe vehicle before hitting King and has no [i]dea what the John Doe vehicle was doing prior to hitting King." (ECF No. 14-2 at PageID 318.) (See also ECF No. 14-1 ¶ 7 (citing ECF No. 9-1 at PageID 70– 71); id. ¶ 8 (citing ECF No. 9-1 at PageID 71).)  Plaintiffs further assert that "Chase claims [he] was looking straight in front of him and that he had a clear line of sight with no obstructions." (ECF No. 14-2 at PageID 318.) (See also ECF No. 14-1 ¶ 9.) (citing ECF No. 9-1 at PageID 77.) Therefore, Plaintiffs contend, "any testimony about the action of the John Doe vehicle [is] purely speculation consistent with *Baker Hughes* and inadmissible.  Moreover, *Anderson* [*v. Liberty*

---

[4] It is undisputed that Defendant was traveling at 55 miles per hour prior to the accident.  (ECF No. 16 at PageID 329 ¶ 5.) (See also ECF No. 9-1 at PageID 70.)  In his deposition, Defendant affirmed that, "to the best of [his] estimation, he "was going about fifty-five when [he] [first] saw Ms. King, and she was twenty feet in front of [him]."  (ECF No. 9-1 at PageID 70; see also id. at PageID 79.)  Later in his deposition, when asked for clarification on the issue, however, Defendant stated that two car lengths was how far he was behind Plaintiff when/immediately before he saw her brake lights.  (ECF No. 9-1 at PageID 81–82.)  Viewed in the light most favorable to Mr. Chase, he was two car lengths behind Plaintiff when he first saw her brake lights, not necessarily when he first noticed her on the road.  This fact, however, does not change the Court's conclusion that Plaintiff has not proven Defendant was negligent as a matter of law.

*Lobby, Inc.*, 477 U.S. 242, 249 (1986)] forecloses the argument that any inference can be [drawn] from such speculation." (ECF No. 14-2 at PageID 318.) Plaintiffs assert that Chase's comparative-default defense thus fails on summary judgment.

Defendant responds that his "testimony about the existence of a John Doe vehicle is admissible[,] as it is based on his first[-]hand observation of the subject vehicle." (ECF No. 15 at PageID 325.) He contends that his "testimony of seeing the vehicle pull off on an exit ramp immediately after he stopped in front of the Plaintiff supports an inference that the John Doe driver missed his exit, braked suddenly, and caused the accident." (Id.) Defendant therefore contends that "there is no basis to foreclose Defendant's right to present the argument [to the jury], as the Defendant's testimony supports the existence and involvement of a John Doe vehicle" when viewed in the light most favorable to Defendant. (Id.)

Plaintiffs reply that "Plaintiffs' objection [to] [Chase's] inferences should be sustained consistent with prevailing Sixth Circuit precedent." (ECF No. 17 at PageID 336.) They acknowledge as undisputed that, after making contact with Plaintiffs' vehicle, Mr. Chase "saw a car pull out from in front of the Plaintiff to get onto the exit ramp." (ECF No. 16 at PageID 331 ¶ 6.) (citing ECF No. 9-1 at PageID 71.) (See also ECF No. 17-1 ¶¶ 6.) Plaintiffs, however, claim that this fact is "immaterial." (ECF No. 17-1 ¶ 6.) Plaintiffs also filed an Objection to Defendant's Evidence (ECF No. 17-2), in which they move to strike Defendant's Additional Material Fact No. 7 "that Chase inferred from post-accident observations that a vehicle in front of King missed his exit and stopped suddenly in front of her."[5] (Id. ¶ 5.) (citing ECF No. 16 at PageID 331.) Plaintiffs assert that "[t]his is speculation foreclosed by *Baker Hughes*, conclusory foreclosed by *Reedy* [*v. West*, 988 F.3d 907, 913 (6th Cir. 2021)], [and] inadmissible consistent

---

[5] Plaintiffs also move to strike Defendant's Google Maps exhibits (ECF Nos. 16-1, 16-2) under Fed. R. Evid. 801 and 901 as hearsay and unauthenticated. (ECF No. 17-2 ¶ 1.) As those exhibits are immaterial to deciding Plaintiffs' Motion for Partial Summary Judgment, the Court declines to rule on them at this time.

with Rule 701 and *McGowan*." (Id.)  Regarding <u>McGowan</u>, Plaintiffs assert that that case is consistent with the proposition that "lay opinions and inferences based on post-accident observations are inadmissible as unhelpful."  (ECF No. 17-2 ¶ 4.) (citing <u>McGowan v. Cooper Indus., Inc.</u>, 863 F.2d 1266, 1273 (6th Cir. 1988).)

The admissibility of opinion testimony by lay witnesses is limited.  The Federal Rules of Evidence provide that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  "The broader term 'opinion'" in the Rule also "cover[s]" inferences.  Committee Notes on Rules—2011 Amendment.  Opinions or inferences that "address matters that [are] equally within the competence of the jurors to understand and decide" are "not helpful to the jury" and are inadmissible under Rule 701.  <u>McGowan</u>, 863 F.2d at 1273.

While <u>McGowan</u> does not stand for Plaintiffs' proposition that "lay opinions and inferences based on post-accident observations are [categorically] inadmissible as unhelpful" (ECF No. 17-2 ¶2) (internal citation omitted), and Plaintiffs provide no other support for their contention, Defendant's Additional Material Fact No. 7 should nevertheless be excluded as unhelpful to the jury.  Defendant seeks to proffer his inference that the "the car in front of Plaintiff missed his exit and that is why he stopped suddenly in front of the Plaintiff."  (ECF No. 16 at PageID 331 ¶ 7.) (internal citation omitted.)  Defendant's inference, drawn from the John Doe vehicle's act of "pull[ing] out from in front of the Plaintiff to get onto the exit ramp" (<u>id.</u> ¶ 6) (internal citation omitted), is one that would be "equally within the competence of the jurors" to make for themselves (or not) based on the testimony.  <u>McGowan</u>, 863 F.2d at 1273.

Therefore, Plaintiffs' Motion to Strike is GRANTED as to Defendant's Additional Material Fact No. 7.  The exclusion of Defendant's Fact No. 7, however, does not resolve the issue for Plaintiffs as to Defendant's comparative-fault defense, as discussed below.

Under Federal Rule of Evidence 602, testimony as to a matter is admissible only if "the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  "[T]estimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about."  U.S. v. Smith, 516 F. App'x 592, 595 (6th Cir. 2013) (quoting U.S. v. Hickey, 917 F.2d 901, 904 (6th Cir. 1990)).  Testimony not based on personal knowledge constitutes inadmissible speculation. See Baker Hughes Inc. v. S&S Chem., LLC, 836 F.3d 554, 569 (6th Cir. 2016).

Plaintiff has not shown that there is no admissible evidence in Defendant's favor such that Defendant should fail on his comparative-fault defense as a matter of law.  The undisputed fact that "[a]fter [Defendant] made contact with the Plaintiff's vehicle, he saw a car pull out from in front of the Plaintiff to get onto the exit ramp" (ECF No. 16 at PageID 331 ¶ 6) (internal citation omitted) is based on Defendant's personal knowledge rather than mere speculation. Thus, while it is also undisputed that "Chase admits that he did not see the John Doe vehicle before hitting King and has no [i]dea what the John Doe vehicle was doing prior to hitting King," Plaintiff is incorrect that "any testimony about the action of the John Doe vehicle [is therefore] purely speculation consistent with *Baker Hughes* and inadmissible."  (ECF No. 14-2 at PageID 318.) (See also ECF No. 16 at PageID 330 ¶¶ 7–8.)  Instead, the jury will be free to draw its own inferences from Defendant's admissible testimony as to the John Doe vehicle and determine whether it is sufficient to establish Defendant's comparative-fault defense.   Accordingly,

Plaintiffs' Motion for Partial Summary Judgment is DENIED as to Defendant's comparative-fault defense.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment is DENIED.

**IT IS SO ORDERED**, this 28th day of June, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE