IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KIM KING and DARREN KING, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 2:22-cv-02030-JPM-atc |
| v. ) | |
| ) | |
| WILLIAM BARTLETT CHASE, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING CORRECTED PLAINTIFFS' MOTION FOR NEW TRIAL**

Before the Court is Corrected Plaintiffs' Motion for New Trial, filed on July 17, 2022. (ECF No. 54.) Plaintiffs, Kim King ("Mrs. King") and Darren King ("Mr. King"), move the Court pursuant to Federal Rule of Civil Procedure 59(a) for a new trial. (Id. at PageID 520.) For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**I.    BACKGROUND**

*A. Factual Background*

This negligence and negligence per se action arose out of an automobile accident that occurred in Memphis, Tennessee on November 24, 2018, in which Defendant, William Bartlett Chase, Jr. ("Mr. Chase"), allegedly negligently rear-ended Mrs. King's vehicle while the Parties were traveling on I-240 in Memphis, Tennessee. (Compl., ECF No. 1-2 ¶¶ 4–5.) Plaintiffs brought one count of negligence against Defendant for, inter alia, failing to maintain a proper lookout, failing to stop his vehicle in time, failing to maintain proper control of his vehicle, and failing to exercise the care that a reasonable and prudent person would exercise in the circumstances. (Id. ¶¶ 6–9.) They also brought two counts for violations of various state

statutes and city ordinances, respectively.  (Id. at PageID 8.)  These allegations largely parallel the general negligence allegations and also include following too closely under Tenn. Code Ann. § 55-8-124 and Memphis City Ordinance § 11-16-20.  (Id.)  Mrs. King alleged that she sustained "bodily injuries and damage[s]" as a result of the collision.  (Id. ¶¶ 5, 8, 13.)  She sought compensation for her alleged bodily injuries, lost wages, future earning capacity, and enjoyment of life, as well as medical bills in the amount of $20,814.00.  (Id. ¶ 13.a.)  In addition, Mr. King sought damages for loss of consortium.  (Id ¶ 13.b.)

    B.  *Procedural Background*

This action was initially filed in this Court as case number 2:19-cv-02658-JPM-atc on October 1, 2019.  (Case No. 19-cv-02658, ECF No. 2.)  On August 19, 2020, the Court issued an Order Conditionally Granting Plaintiff's Motion for Voluntary Nonsuit Without Prejudice, Order Imposing Restrictions on Subsequent Refiling, and Order Setting Deadline for Plaintiff's filing of Objections.  (Case No. 19-cv-02658, ECF No. 42.)  The Court conditionally permitted Plaintiff's case to be dismissed without prejudice, provided that "[if] Plaintiff refiles her case, the litigation must resume as if this case had continued under the current schedule; that is, any future case will restart from this point in the litigation.  All deadlines that have elapsed must be honored."  (Id. at PageID 153.)  The Court additionally provided that the "Parties shall use discovery in this case [i.e., Case No. 19-cv-02658] in any future litigation."  (Id.)  Plaintiff was given 40 days to file objections to the Court's conditions before they took effect.  (Id.)  Plaintiff filed no objections, and on October 16, 2020, the Court entered a Judgment affirming the dismissal without prejudice and the conditions thereof.  (Case No. 19-cv-02658, ECF No. 43.)

When the Court entered its August 19, 2020 Order in Case No. 19-cv-02658, all of the discovery deadlines in the case had passed; the only remaining deadline at that time was the deadline for filing dispositive motions, which was September 3, 2020.[1] (See Case No. 19-cv-02658, ECF No. 27.)  Pursuant to the Order, none of the elapsed deadlines were reopened. Plaintiffs filed this case in state court on September 10, 2021 (Compl., ECF No. 1-2), and Defendant removed the action to this Court on January 21, 2022 (ECF No. 1).  Neither Party disclosed any experts prior to the expert disclosure deadline.  (See ECF No. 10 at PageID 285–86; ECF No. 36 at PageID 419–20.)

On March 3, 2022, Defendant filed a Motion for Summary Judgment, arguing that Plaintiffs could not meet their burden to prove the elements of causation and damages, since they had no expert witness in the case.  (ECF No. 13-1 at PageID 298–300.)  On June 28, 2022, the Court denied in part and granted in part Defendant's Motion; at trial, Plaintiff would be permitted to present lay testimony as to her injuries that were tightly temporally related to the accident and lost wages but not as to medical bills or treatment.  (ECF No. 36 at PageID 430–33.)

On March 21, 2022, Plaintiffs filed a Motion for Partial Summary Judgment as to the issues of Defendant's negligence and comparative fault by a third-party driver.  (ECF No. 14-2 at PageID 317–18.)  On June 28, 2022, the Court denied Plaintiffs' Motion.  (ECF No. 37.) The Court found that "the basic material facts regarding the accident itself are in dispute" and that "each Party's deposition testimony paint[ed] a distinct picture of how long Plaintiff was stopped before Defendant hit her vehicle and how the accident occurred."  (Id. at PageID

---

[1] Although the deadline for filing dispositive motions had passed when the Court entered its Judgment, and although the Court's Order was conditional on receipt of any objections from Plaintiff, the Court interprets the deadline for filing dispositive motions to not "have elapsed" by the time the Court's Order took effect.  (Case No. 19-cv-02658, ECF No. 42 at PageID 153.)

441.) (internal citations omitted.)  The Court also found that "disputes of fact remain[ed] as to whether Defendant breached any ordinance or statute or otherwise deviated from the appropriate standard of care to which he may have owed Plaintiff as a fellow driver."  (Id.)

The case was tried before a jury on July 11–12, 2022.  (ECF Nos. 42, 49.)  The sole witnesses in the case were Mr. King, Mrs. King, and Mr. Chase.  (ECF No. 51.)  Plaintiffs introduced two exhibits: photographs of Mrs. King's and Mr. Chase's vehicles following the accident.  (Id.)  Mrs. King testified that she had been stopped in traffic on I-240 for three to four minutes trying to get over to the exit ramp when Mr. Chase slammed into the rear of her car; she testified that no other vehicles had come up behind her in her lane during those three to four minutes, but that traffic was moving in the lanes beside her.  (ECF No. 42.)  Mr. Chase testified that he was looking straight ahead, was driving with the flow of traffic at the speed limit of 55 miles per hour, and was about two car lengths behind Mrs. King's vehicle when he saw her vehicle and her brake lights; he testified that he braked as hard as he could upon seeing her brake lights but was unable to stop before hitting her.  (ECF No. 49.)  He testified that he saw a third-party vehicle pull out from in front of Plaintiff right after he hit her vehicle.  (Id.)  On July 12, 2022, the jury returned a unanimous verdict finding Defendant not to be at fault.  (ECF No. 50.)  The same day, the Court entered a Judgment for Defendant, "finding him not at fault in this negligence action" and dismissing the case with prejudice.  (ECF No. 52.)

On July 15, 2022, Plaintiffs filed a motion for a new trial (ECF No. 53) and, on July 17, 2022, filed the instant Corrected Plaintiffs' Motion for a New Trial (ECF No. 54). Plaintiffs also filed an accompanying Corrected Memorandum in Support.  (ECF No. 54-1.)

Defendant filed a Response in Opposition to Plaintiffs' Motion for New Trial on July 21, 2022. (ECF No. 55.) Plaintiffs did not file a Reply.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial . . . for any reason for which a trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Generally, a court may grant a new trial under Rule 59 [only] if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." Conte v. Gen. Housewares Corp., 215 F.3d 628, 637 (6th Cir. 2000) (citing Holmes v. City of Massillon, 78 F.3d 1041, 1045–46 (6th Cir. 1996)).  If the moving party challenges the verdict as against the weight of the evidence, the court "is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 821 (6th Cir. 2000) (internal citation and quotation marks omitted).  "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." Id. (citing Holmes, 215 F.3d at 1048.)  Therefore, "granting a new trial on this ground is a rare occurrence." Innovation Ventures, LLC v. N2G Distributing, Inc., 763 F.3d 524, 534 (6th Cir. 2014) (internal citation omitted).

## III. ANALYSIS

Plaintiffs allege the following "facts" about the trial without any citation to the record:

> Darren King testified without contradiction that Chase admitted that he could not stop and ran into the back of Kim King.
>
> Darren King also testified without contradiction that Chase admitted to the police that it was his fault for hitting King.

> William Chase admitted that he could not stop and that he ran into Kim King. Chase also admitted that he was going 55 miles per hour and he was 20 feet from her when he first saw Kim King's brake lights.

(ECF No. 54-1 at PageID 522.) Plaintiffs assert that "[a]pplied to the foregoing facts, the testimony of all the parties support[s] that William Chase was negligent in colliding with Kim King." (Id. at PageID 523.) They assert that "[t]here was no evidentiary basis to suggest that William Chase was not negligent in running into the rear of Kim King when he admittedly could not stop and admitted to the police that he was at fault." (Id.) "Thus," Plaintiffs contend, "the jury could not have reasonably found that William Chase was not negligent," entitling Plaintiffs to a new trial. (Id.) Plaintiffs additionally state, without further explanation, that they "were highly prejudiced." (Id.)

Defendant responds that Plaintiffs have not included any citation to the record in their Motion and have "failed to put forth any evidence in support of their Motion." (ECF No. 55 at PageID 528.) He asserts that "there is no transcript attached, no citation to a transcript, and no citation to any part of the record to support [Plaintiffs'] alleged 'facts.'" (Id.) He further asserts that "it appears that Plaintiffs are simply relying on their[] erroneous recollection of the trial testimony." (Id.) Defendant asserts that ruling on a Rule 59 motion for a new trial requires the Court to "compare the opposing proofs and weigh the evidence," but that, here, "there is no proof or evidence to compare and weigh." (Id.) (citing McDonald v. Petree, 409 F.3d 724, 727 (6th Cir. 2005).) Thus, Defendant contends, the Court should deny the Motion because "there is no evidence for the Court to consider in support of [it]." (Id.)

Defendant additionally asserts that "[t]he jury's verdict is one that reasonably could have been reached." (Id. at PageID 529.) He asserts that each issue in the trial "involved disputed evidence and/or a complete lack of evidence" and that "the jury was faced with only

6

the testimony of the parties and was allowed to determine which of the witnesses they believed and which of the witnesses they disbelieved." (Id.) (citing Jury Instructions, ECF No. 47 at PageID 477–78.) Based on this testimony, Defendant contends, Plaintiffs have "failed to present evidence from which reasonable persons could only reach the conclusion that this alleged incident was Defendant's fault or that the accident actually caused any of Plaintiffs' alleged injuries." (Id. at PageID 530.) "Ultimately," Defendant contends, "Plaintiffs have failed to present any evidence that the verdict was against the clear weight of the evidence." (Id.) (citing E.E.O.C. v. Dolgencorp, LLC, 277 F. Supp. 3d. 932, 947 (E.D. Tenn. 2017).)

### A. Lack of Evidence or Citation to the Record

"A district court ruling on a motion for a new trial 'must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines the verdict is against the clear weight of the evidence.'" McDonald, 409 F.3d at 727 (citing United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir. 1993)). The Court agrees with Defendant that Plaintiffs have presented no citations to the record to support their assertions regarding the trial testimony, thus making it difficult to assess their Motion. (See generally ECF No. 54-1.) In fact, neither Party submitted the trial transcript. Thus, Defendant also did not provide citations for his assertions regarding the trial testimony. The Court, nevertheless, will consider the merits of Plaintiffs' argument that "the jury could not have reasonably found that William Chase was not negligent." (Id. at PageID 523). Plaintiffs' Motion fails on that ground regardless of whether Plaintiffs cited to the record.

### B. A Reasonable Juror Could Reach the Challenged Verdict, and Plaintiffs Were Not Prejudiced

7

As Defendant contends, "[i]n order to have found Defendant at fault in this case, the jury had to find that Defendant was negligent, **and** that the negligence was a cause in fact and also a legal cause of the injury for which the claim was made." (ECF No. 55 at PageID 529.) (citing Jury Instructions, ECF No. 47 at PageID 499; Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998).) Further, Plaintiffs had the burden to prove each of these elements by a preponderance of the evidence. (Jury Instructions, ECF No. 47 at PageID 491, 496–98.)

Defendant contends that Plaintiffs' assertion "that Darren King testified without contradiction 'that Chase admitted to the police that it was his fault for hitting King' . . . is simply not true." (ECF No. 55 at PageID 529.) Defendant contends that, instead, Mr. Chase testified "that he never told the police that he was at fault." (Id. at PageID 529–30.) Although neither Party cites to the record (as mentioned), Mr. Chase did deny ever admitting fault to the police. (ECF No. 49.) Defendant further contends that "none of Plaintiffs['] other alleged 'facts' demonstrate an improper result from the jury. There were two very different versions of the accident presented to the jury, and . . . the jury was free to believe or disregard any of the testimony they heard." (Id. at PageID 530.)

As stated earlier, there were no expert witnesses in this case and the only testimony presented to the jury was that of the Parties themselves. (ECF No. 51.) As Defendant contends, the jury "was allowed to determine which of the witnesses they believed and which of the witnesses they disbelieved," and they were permitted "to accept or reject anything that a witness said at trial." (ECF No. 55 at PageID 529.) (citing Jury Instructions, ECF No. 47 at PageID 477–79.)

Even if Mr. Chase was going 55 miles per hour and was 20 feet away from Mrs. King when he first saw her brake lights, and tried to stop but could not and hit Mrs. King's vehicle,

8

the jury could still have reasonably reached its no-fault verdict for Defendant. Taking negligence as just one of the several elements that Plaintiffs were required to prove (see Jury Instructions, ECF No. 47 at PageID 491), a reasonable juror could have found that Plaintiffs failed to prove that Mr. Chase violated any of the state statutes or city ordinances on which Plaintiffs relied. (See id. at PageID 494–95.) There was no evidence presented as to whether Defendant's speed was "unsafe" or his distance "too close[]" within the meaning of these statutes and ordinances. (Id.) A jury also reasonably could have found that Plaintiffs failed to prove that Mr. Chase "either [did] something that a reasonably careful person would not do[] or [] fail[ed] to do something that a reasonably careful person would do" under the circumstances. (Id. at PageID 492–95.) That Mr. Chase was unable to stop in time to avoid the accident does not, in itself, prove negligence. See Hickman v. Jordan, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001) ("[N]egligence is not presumed from the mere fact of an accident or injury."). As to the remaining contradictory testimony, a reasonable juror could have believed Defendant that he was paying attention and driving with the normal flow of traffic but had to abruptly stop because Plaintiff had abruptly stopped in response to a third-party vehicle in front of her, thus unavoidably hitting Plaintiff. Thus, a reasonable juror could have found that Defendant was not negligent, ending the fault inquiry there. That a reasonable juror could have also found causation for Plaintiffs' alleged injuries lacking, is a logical conclusion that could be drawn from the evidence submitted.

Finally, the Court cannot credit Plaintiffs' bare assertion that they were "highly prejudiced." (ECF No. 54-1 at PageID 523.) Plaintiffs have made no showing that a new trial is warranted on the grounds of prejudice, bias, or unfairness to them. See Conte, 215 F.3d at 637 (citing Holmes, 78 F.3d at 1045–46).

Accordingly, Plaintiffs have not presented to the Court any ground on which they should be granted the "disfavored" remedy of a new trial. U.S. v. Willis, 257 F.3d 636, 645 (6th Cir. 2001) ("[N]ew trial motions are disfavored and should be granted with caution."). Plaintiffs' Motion is, therefore, **DENIED.**

IV. **CONCLUSION**

For each of the reasons set forth above, Corrected Plaintiffs' Motion for New Trial is **DENIED**.

**SO ORDERED**, this 22nd day of August, 2022.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE